**Carmen P. ORTIZ, Plaintiff–Appellee,**

v.

**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Defendant–Appellant.**

No. 85–2103.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1987.

Decided Aug. 5, 1987.

Amended July 21, 1988.

Morton H. Orenstein, San Francisco, Cal., for defendant-appellant.

Before CHAMBERS, TANG and NELSON, Circuit Judges.

TANG, Circuit Judge:

The Bank of America appeals a judgment upon a jury verdict in favor of Ortiz on a claim of breach of the implied covenant of good faith and fair dealing. The Bank contends the verdict is erroneous as a matter of law both because Ortiz refused an offer of reinstatement and thus failed to mitigate her damages and because her recovery of Workers' Compensation benefits for emotional injuries arising from the Bank's actions bars her claim for breach of covenant. The Bank also argues that the district court erred in refusing to grant a new trial and in refusing to permit it to discuss the details of Ortiz's complaint in closing argument. We affirm.

## BACKGROUND

Ortiz worked in clerical jobs for the Bank in various locations during the years from 1961 until her termination on April 20, 1979. When the Bank terminated her employment, Ortiz filed three workers' compensation claims for psychic injuries producing a continuing disability. In December 1980 Ortiz and the Bank entered into a settlement of the three workers' compensation claims. The Compromise and Release indicated Ortiz's psychic injury arose from her employment. The Bank paid Ortiz $12,500 and Ortiz agreed to "release and forever discharge [the Bank] ... from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury."

Ortiz also filed discrimination charges with the California Division of Fair Employment Practices and the EEOC, alleging discrimination based on her Puerto Rican national origin. The Bank offered uncondi-

Martin F. Jennings, Jr., Sacramento, Cal., for plaintiff-appellee.

tional reinstatement on August 1, 1980, but Ortiz rejected the offer. She received right to sue letters and filed suit in state court on February 2, 1981. The Bank removed the case to federal court on May 18, 1981. The Title VII national origin discrimination claim was tried to the court and dismissed. The claims of race discrimination under 42 U.S.C. § 1981, breach of an express or implied contract, and breach of the covenant of good faith and fair dealing were tried to a jury.

In special verdicts the jury found that the Bank did not discriminate against Ortiz on the basis of national origin and that it did not discharge her in violation of an express or implied contract. It found that the discharge breached the covenant of good faith and fair dealing and awarded $250,000 damages for lost wages, pension benefits and other fringe benefits. The jury found she was not entitled to punitive damages or damages for emotional distress. In the verdicts the jury also found that the Workers' Compensation release executed by Ortiz barred her claim for breach of contract, but not her claim for breach of covenant. The jury reached this decision after a colloquy with the court and additional instruction on the effect of the release.

The Bank filed motions to alter or amend the judgment, for judgment notwithstanding the verdict, for relief from the judgment, for remittitur of damages, and for a partial new trial. The district court denied the motions. The Bank timely appeals from the judgment on the breach of covenant claim.

## ANALYSIS

### I. Damages

The Bank objected to the trial court's instructions on the proper measure of economic damages because the instruction permitted recovery of damages after August 1, 1980, the date when Ortiz refused reinstatement. The Bank also offered instructions incorporating the August 1 cut-off date into the measure of prospective damages. Subsequently the Bank filed motions for remittitur of damages and JNOV, argu-

ing that Ortiz could not receive damages for the period after her rejection of the offer of reinstatement.

■ In reviewing jury instructions to which timely objections have been made, this court determines "whether, viewing the jury instructions as a whole, the trial judge gave adequate instructions on each element of the case to ensure that the jury fully understood the issues." *Los Angeles Memorial Coliseum Comm'n v. N.F.L.*, 726 F.2d 1381, 1398 (9th Cir.), *cert. denied*, 469 U.S. 990, 105 S.Ct. 397, 83 L.Ed.2d 331 (1984). A defendant is entitled to an instruction if it is supported by law, *id.*, and the failure to submit a proper jury instruction is a question of law which we review de novo. *999 v. C.I.T. Corp.*, 776 F.2d 866, 871 (9th Cir.1985). We review questions of state law de novo. *In re McLinn*, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).

The Bank fired Ortiz on April 20, 1979 and offered unconditional reinstatement to her original job on August 1, 1980. Ortiz refused the offer although she testified that she thought she could work at that time. In addition to her testimony there was evidence from a mental health practitioner and doctors that Ortiz could not work at all or, as one said, should never work at any branch of the Bank of America again.

■ The Bank argues that the duty to mitigate damages, *see e.g., Ford Motor Co. v. EEOC*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982); *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 867 (9th Cir.1980), *cert. denied*, 451 U.S. 971, 101 S.Ct. 2048, 68 L.Ed.2d 350 (1981), absolutely precludes Ortiz's recovery of damages for the period after August 1, 1980, when she rejected reinstatement for no reason. In *Ford Motor Co.*, the Supreme Court reversed an award of backpay and retroactive seniority benefits to victims of sex discrimination, holding that "absent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability." 458 U.S. at 241, 102 S.Ct. at 3070. The district court refused to give a *Ford Motor Co.* instruc-

tion, which would have ruled as a matter of law that the offer of reinstatement curtailed the Bank's liability. The court ruled that there was a jury question as to whether or not Ortiz was capable of resuming her work. We agree.

■ Under California law a party has a duty to act reasonably to minimize damages flowing from a breach of contract and the question of whether the injured party has acted reasonably is one of fact. *Sackett v. Spindler,* 248 Cal.App.2d 220, 239, 56 Cal.Rptr. 435, 447 (1967). This is the rule given in the instruction on mitigation. We do not think *Ford Motor Co.* alters the California rule that the reasonableness of mitigation is a question of fact. *See Parker v. Twentieth Century–Fox Film Corp.,* 3 Cal.3d 176, 184, 89 Cal.Rptr. 737, 742, 474 P.2d 689 (1970); *Currieri v. City of Roseville,* 50 Cal.App.3d 499, 507, 123 Cal.Rptr. 314, 319 (1975).

Although we have located no California cases specifically commenting on *Ford Motor Co.,* we note that some federal courts continue to regard the question of whether a reasonable person would refuse the offer of reinstatement as a question for the trier of fact. *See, e.g., Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d 276, 281–83 (8th Cir.1983); *Fiedler v. Indianhead Truck Line Inc.,* 670 F.2d 806, 808 (8th Cir.1982) (decided after *Ford Motor Co.*). These cases rely on earlier statements of the principle that " 'the trial court must consider the circumstances under which the offer was made or rejected, including the terms of the offer and the reasons for refusal.' " *Taylor v. Teletype Corp.,* 648 F.2d 1129, 1138–39 (8th Cir.) (quoting *Claiborne v. Illinois Central Railroad,* 583 F.2d 143, 153 (5th Cir.1978), *cert. denied,* 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979)), *cert. denied,* 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981). The Eleventh Circuit also has said that the reasonableness of a refusal of reinstatement is a question for the trier of fact. *O'Donnell v. Georgia Osteopathic Hospital, Inc.,* 748 F.2d 1543, 1550–51 (11th Cir.1984), *overruled on other grounds, Lindsey v. American Cast Iron Pipe Co.,* 810 F.2d 1094,

1102 (11th Cir.1987). *But see Giandonato v. Sybron Corp.,* 804 F.2d 120 (10th Cir. 1986) (summary judgment appropriate in an age discrimination case in which there is an offer of reinstatement; questions of mitigation and reinstatement should not go to jury).

■ As the district court held, the reasonableness of mitigation efforts in this case is a question of fact and there was substantial evidence to support the jury. The court did not err in refusing to apply *Ford Motor Co.* inflexibly in a case where the evidence showed special circumstances. Because there was evidence of Ortiz's poor mental condition, the jury did not clearly err in finding reinstatement was not a reasonable alternative mandated by the duty to mitigate damages.

II. Preemption of Covenant Claim

■ Whether the workers' compensation settlement bars relief on the covenant claim is a question of interpretation of state law which we review de novo. *Matter of McLinn,* 739 F.2d at 1397 (9th Cir. 1984) (en banc).

■ The Bank argues that Ortiz's claim is for injuries arising out of and during the course of her employment and is thus covered by the California Workers' Compensation Act (WCA) which provides the exclusive remedy for her claimed injuries. *See* Cal. Labor Code § 3602(a) (West Supp. 1987). The Bank contends that the district court erred in permitting Ortiz to characterize her injuries as flowing from a tortious breach of covenant and as compensable in a civil suit because the WCA provides the exclusive remedy for intentional injuries arising out of employment. *Id.; Johns–Manville Products Corp. v. Contra Costa Superior Court,* 27 Cal.3d 465, 467, 165 Cal.Rptr. 858, 859, 612 P.2d 948 (1980) (except there is an action at law for flagrant acts causing aggravation of injuries, *id.* at 478, 165 Cal.Rptr. 858, 612 P.2d 948). The WCA has been held to provide the remedy for injuries flowing from abusive treatment by supervisors, *Albertson's, Inc. v. Workers' Compensation Appeals Bd.,* 131 Cal.App.3d 308, 313, 182 Cal.Rptr. 304,

307 (1982), and stress caused by termination, *Pacific Tel. & Tel. Co. v. Workers' Compensation Appeals Bd.*, 112 Cal.App. 3d 241, 169 Cal.Rptr. 285 (1981). California courts have held that a civil suit for intentional infliction of emotional distress is barred by settlement of a workers' compensation claim based on a course of abusive and harassing conduct culminating in termination of employment. *Hollywood Refrigeration Sales Co. v. Superior Court*, 164 Cal.App.3d 754, 757, 210 Cal.Rptr. 619, 619–20 (1985). *But see Hart v. National Mortgage & Land Co.*, 189 Cal.App.3d 1420, 235 Cal.Rptr. 68, 72–76 (1987) (rejecting application of exclusivity doctrine of workers' compensation system in actions for intentional infliction of emotional distress); *Young v. Libby–Owens Ford Co.*, 168 Cal.App.3d 1037, 214 Cal.Rptr. 400 (1985) (criticizing application of exclusivity doctrine in *Hollywood Refrigeration*).

None of these cases is pertinent and the Bank's argument fails because Ortiz did not sue for infliction of emotional distress, nor did she receive any damages for emotional injuries resulting from her treatment by the Bank. Rather she prevailed on a claim of breach of the covenant of good faith and fair dealing, *i.e.*, a claim that the Bank unfairly and in bad faith deprived her of her right to receive the benefits of employment. Under California's doctrine of primary rights, the right protected by the WCA is the right not to be physically or emotionally injured on the job, while the right protected by the covenant of good faith is the right not to be unfairly deprived of the benefits of employment. The harm Ortiz suffered was the loss of employment and the damages she received were for loss of income and fringe benefits. The WCA covers the injuries and risks of employment, not injuries flowing from unemployment. *See Howland v. Balma*, 143 Cal.App.3d 899, 905, 192 Cal.Rptr. 286, 289 (1983) (slander and resulting damage to reputation not within purview of workers' compensation law).

■■■ A release of claims in a workers' compensation settlement does not eliminate the right to pursue other remedies for the invasion of other interests in other forums, absent a specific provision to that effect.

### III. Motion for New Trial

■■■ A district court's decision on a motion for a new trial under Fed.R.Civ.P. 59(a) is reviewed for abuse of discretion. *Robins v. Harum*, 773 F.2d 1004, 1006 (9th Cir.1985). When the motion is based on a challenge to jury verdicts, the reviewing court must determine whether the verdicts are supported by substantial evidence. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1013–14 (9th Cir. 1985), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986). The court has a duty to reconcile the jury's special verdict responses on any reasonable theory consistent with the evidence. *Gallick v. Baltimore & O. R.R.*, 372 U.S. 108, 119–22, 83 S.Ct. 659, 666–67, 9 L.Ed.2d 618 (1963); *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 353 (5th Cir.1980) (the seventh amendment right to a jury trial requires validation of verdicts if at all possible); 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2513 (1971).

■■■ The Bank argues that the special verdicts were so inconsistent, confusing and ambiguous that a partial new trial is necessary. We disagree. There is no reason to assume that the final verdict is at odds with what the jury said in court. There is no hopeless conflict or confusion; in fact the resolution suggests that the judge's explanation clarified matters so the jury could see it was possible for one claim to be barred but not the other.

■■■ The Bank also contends that the jury could not find the breach of contract claim barred by the settlement and then award damages of lost wages and fringe benefits for breach of the covenant. The Bank cites no authority for this proposition and there appears to be none.

■■■ Finally, the Bank argues that the findings are inconsistent with the evidence offered on the settlement agreement. The evidence showed that Ortiz had told the Bank through her attorney that she intended to pursue claims other than the WCA

claims despite the settlement. We find the verdict on the covenant is consonant with the evidence.

Given the duty to reconcile jury verdicts, *Gallick,* 372 U.S. at 119–22, 83 S.Ct. at 666–67, there is no basis for vacating the verdict and ordering a new trial.

## IV. Bank Comment on Ortiz's Complaint

■ This court reviews the district court's rulings on admissibility of arguments and evidence for abuse of discretion. *Kisor v. Johns–Manville Corp.,* 783 F.2d 1337, 1340 (9th Cir.1986).

■ The Bank requested the opportunity to refer to Ortiz's Complaint in its closing argument to demonstrate that it contained "admissions" at variance with her covenant claim. The Bank points to a statement that Ortiz was "terminated *solely* because of her national origin" as relevant to its argument that there was no other bad faith motivation for the termination.

The district court ruled that reference to the Complaint should be excluded under Fed.R.Evid. 403. Exclusion under Rule 403 was appropriate because the court thought the quoted language would mislead the jury in that the complaint "also generally complains that the defendant tortuously, (sic) wrongfully interfered with plaintiff's contractual relation."

The district court did not abuse its discretion in ruling the reference to the Complaint inadmissible.

The judgment is AFFIRMED.