**TEAMSTERS LOCAL UNION NO. 760,**
**Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., an Ohio corporation, Defendant–Appellee.**

**No. 89–35769.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1990.

Decided Dec. 12, 1990.

Bruce E. Heller, Davies, Roberts & Reid, Seattle, Wash., for plaintiff-appellant.

Bruce D. Corker and David T. Pimentel, Perkins Coie, Seattle, Wash., for defendant-appellee.

Before WRIGHT, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Teamsters Local No. 760 ("Teamsters") appeals from the district court's order awarding sanctions under Fed.R.Civ.P. 11 to United Parcel Service, Inc. ("UPS"). We affirm.

I

In August of 1989, an arbitrator determined that UPS discharged an employee in violation of a collective bargaining agreement. He ordered UPS to reinstate the employee with full back pay and benefits. He retained jurisdiction over the matter for 60 days to resolve computational issues. After the arbitrator's jurisdiction expired, UPS issued a check to the employee for back pay.

Teamsters believed that UPS failed to comply with the arbitrator's back pay

award because UPS did not compensate the employee for overtime that the employee would have earned had he not been discharged. UPS disagreed. The parties submitted their dispute to the arbitrator. Their Agreement for Arbitration stated in part:

By agreeing to submit the two issues to arbitration, the parties agree that the Arbitrator has jurisdiction to determine the issues submitted. The parties also agree as follows:

(1) To submit the following two issues to arbitrator Lehleitner *for final and binding arbitration:*

(a) By not raising an issue concerning computation of back pay within the 60–day period during which the arbitrator retained jurisdiction for the limited purpose of resolving any computational issues arising out of the relief granted, *has the Union waived objections to the Company's back pay computation?*

(b) If not, does the arbitrator's award require inclusion of overtime in the computation of back pay?

(Emphasis added.)

The arbitrator determined that "the Union has waived its right to have the arbitrator clarify the award in accordance with his retained jurisdiction. This being so, it is not necessary to consider the second issue." He noted: "[T]he union contends it has a statutory right under Section 301 of the LMRA to have the award enforced in federal court. The union contends further it has not waived this statutory right and that as a practical matter the court would simply remand the matter back to the arbitrator for clarification." He concluded, however, that "this argument may or may not be correct, but it has nothing to do with the ability of either party to bring clarification issues *directly* to the arbitrator."

When the arbitrator declined to clarify his previous decision, Teamsters brought suit under 29 U.S.C. § 185 to enforce the arbitrator's original decision. The district court granted UPS's motion to dismiss under Fed.R.Civ.P. 12(b)(6), and awarded sanctions constituting costs and attorneys' fees totaling $6,595.15. The union appeals only the district court's decision to award sanctions.

II

The Supreme Court recently held that an abuse of discretion standard applies "in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.,* — U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990) (specifically rejecting the three-tiered standard of review used by the Ninth Circuit); *see also United States v. Stringfellow,* 911 F.2d 225, 226 (9th Cir.1990) (per curiam) (applying the abuse of discretion standard). The Court elaborated that "[a] district court would necessarily abuse its discretion if it based its rule on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell,* 110 S.Ct. at 2461.

We must first determine whether the district court abused its discretion by basing its Rule 11 determination on "an erroneous view of the law." *Cooter & Gell,* 110 S.Ct. at 2461. If the district court employed a proper view of the law, we must then determine whether it abused its discretion in holding that the facts alleged in the union's complaint diverge so far from existing law that the union's claim amounts to a Rule 11 violation. The facts and the sanction amount are not in dispute.

Our review here is severely hampered by the fact that the district court's order awarding sanctions did not discuss the relevant substantive law. When a district court fails to set out the controlling substantive law in a Rule 11 case, we can only infer its view of the law from its decision awarding sanctions. While we do not know exactly what this district court considered the state of the law to be, we do know that it thought that the pertinent law was very different from the plaintiff's claim. District courts should clearly set forth their view of the substantive law at issue so we can provide a meaningful de novo review of the controlling law before reviewing the application of that law for abuse of discretion, as directed by *Cooter & Gell. See* 110 S.Ct. at 2460–2461.

■ Before we can determine whether the district court abused its discretion in awarding sanctions, we must determine what law governed the dispute between UPS and Teamsters. UPS contends that Teamsters had no right to a second bite at the apple after the arbitrator decided that the union had waived its right to have him determine if the back pay award should have included overtime pay. The company points out that issues submitted to arbitration cannot be relitigated in federal court. *Stead Motors v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200, 1209 (9th Cir.1989) (en banc), *cert. denied*, —— U.S. ——, 110 S.Ct. 2205, 109 L.Ed.2d 531 (1990). We agree.

Having determined the relevant substantive law, we must next examine whether the union's argument to extend the law violates Rule 11. In *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830–831 (9th Cir.1986), we explained that Rule 11 sanctions are appropriate only when a paper filed in a district court is filed with an improper purpose or is "frivolous, legally unreasonable, or without factual foundation." UPS does not accuse Teamsters of having an improper purpose. Instead, UPS maintains that the union's complaint was frivolous and legally unreasonable.

■ Teamsters claims that the arbitrator's determination that the union had waived its right to have the *arbitrator* decide whether back pay includes overtime does not mean that the union has waived its statutory right to have a *federal court* enforce the terms of an arbitration decision. Teamsters notes that the arbitrator suggested that the union may have been entitled to bring an action in federal court to enforce the arbitrator's back pay award.[1] The union argues that it does not seek to relitigate whether the arbitrator could properly consider the union's back

pay argument after the arbitrator's retained jurisdiction had expired; rather, the union suggests that it has an independent statutory right to enforce the substantive terms of the arbitrator's original decision. Teamsters had hoped that the district court would remand to the arbitrator for clarification of its original decision. *See, e.g., Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 307–08 (9th Cir.1965) (district courts should remand to arbitrator when parties disagree over the interpretation of an arbitrator's decision concerning back pay). The union also stresses that when a party has fiduciary duties, like a union, "courts must consider the implications of the fiduciary duties and obligations placed on those entities and weigh that factor carefully in reaching their judgments" in Rule 11 cases. *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir.1988).

■ The district court determined that the union's argument was frivolous and legally unreasonable and awarded sanctions. We do not believe that the district court abused its discretion. The union agreed to final and binding arbitration, and the arbitrator determined that the union had waived its overtime claim. The union had no right to relitigate the arbitrator's decision in federal court.

### III

We conclude that the district court did not abuse its discretion when it sanctioned the union. However, we deny UPS's request for damages on appeal under 28 U.S.C. § 1912 and for attorneys' fees under Fed.R.App.P. 38. Although we think the district court did not abuse its discretion in finding the union's cause of action friv-

---

1. As set forth above, the arbitrator explained "the Union has waived its right to have the *arbitrator* clarify the award *in accordance with his retained jurisdiction.* This being so, it is not necessary to consider the second issue." He noted that "[T]he union contends it has a statutory right under Section 301 of the LMRA to have the award enforced in federal court. The

union contends further it has not waived this statutory right and that as a practical matter the court would simply remand the matter back to the arbitrator for clarification." He concluded, however, that "*this argument may or may not be correct,* but it has nothing to do with the ability of either party to bring clarification issues *directly to the arbitrator.*" (Emphasis added.)

olous, we do not believe that the union's appeal was itself frivolous.

AFFIRMED.