Frank **BOEHM**, Plaintiff–Appellee,

v.

**AMERICAN BROADCASTING COMPANY, INC.**, Defendant–Appellant.

No. 89–55846.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1991.

Decided March 27, 1991.

Howard C. Hay, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendant-appellant.

Michael I. Goldberg, Mandel, Lewis & Goldberg, Vienna, Va., for plaintiff-appellee.

D. Barclay Edmundson, Munger, Tolles & Olson, Los Angeles, Cal., for amicus.

Richard D. Roth, Reid & Hellyer, Riverside, Cal., for amicus.

Stephen A. Bokat, Nat. Chamber Litigation Center, Washington, D.C., for amicus.

Before GOODWIN, HUG and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

American Broadcast Companies, Inc. appeals the district court's judgment, following a jury trial, in favor of Frank Boehm in Boehm's wrongful termination action.

### Jurisdiction

The district court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The appeal was timely filed.

### Issues

1. Did ABC's job offer to Boehm cut off its liability for lost compensation damages?

2. Is ABC entitled to a new trial on damages based on:

a. The district court's refusal to give ABC's suggested *Ford Motor Co. v. EEOC*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982), jury instruction?

b. Alleged misconduct by Boehm and his counsel?

c. The submission of allegedly prejudicial evidence regarding tort damages to the jury?

3. Did Boehm voluntarily leave the job market, thereby cutting off ABC's liability for lost compensation damages?

4. Is Boehm entitled to the six years of "front pay" damages awarded?

### Background

Frank Boehm was terminated by ABC on November 16, 1982. He was a Vice President of ABC Radio and had been employed by ABC for fourteen years.

Boehm instituted a contract and tort action for wrongful termination in California state court. The action was removed on the basis of diversity and tried in the Central District of California. The jury returned a special verdict, finding in Boehm's favor on claims of breach of the implied employment contract, breach of the covenant of good faith and fair dealing, and negligent infliction of emotional distress. The jury found in favor of ABC on a claim of intentional infliction of emotional distress. The jury awarded $1.34 million in lost compensation damages and $150,000 for negligent infliction of emotional distress.

ABC challenged the jury verdict in a Motion for Judgment Notwithstanding the Verdict, or alternatively, for a New Trial. The district court granted the JNOV with respect to the award of damages for emotional distress because *Newman v. Emerson Radio Corp.*, 48 Cal.3d 973, 772 P.2d 1059, 258 Cal.Rptr. 592 (1989), which had been announced between the jury verdict and the post-trial motions, made clear that *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 765 P.2d 373, 254 Cal.Rptr. 211 (1988), a case restricting tort theories in wrongful termination actions, applied retroactively. The court denied the JNOV with respect to the other claims and denied the alternative motion for a new trial. This appeal followed.

### Discussion

■ A wrongful termination action raises two issues: (1) whether the plaintiff was wrongfully terminated; and, if so, (2) the liability of the former employer for such wrongful termination. ABC does not challenge the jury's finding that Boehm was wrongfully terminated, but contends that Boehm was not entitled to recover damages because his refusal to accept ABC's offer of employment was a failure to mitigate.

### 1. The job offer

■ Following his termination as the Vice President of ABC Radio in charge of Los Angeles regional sales, Boehm was offered a newly created position at ABC. The base salary of the new position was the same as Boehm's prior base salary; however the equivalence of the total com-

pensation, factoring in the commissions earned in Boehm's old position, was disputed. The equivalence of the responsibilities in the two positions is also a matter of contention. In the new position, Boehm would have reported to his replacement in his former job. The new position was never actually filled, and at trial Boehm questioned its legitimacy noting, "[i]t had never existed before or since," and that he felt it was "phony."

ABC argues that under the standards announced by the Supreme Court in *Ford Motor Co. v. EEOC*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982), its unconditional offer to reemploy Boehm in a new position cut off its liability for any further damages. *Ford Motor*, a Title VII action, held that "absent special circumstances," 458 U.S. at 241, 102 S.Ct. at 3070, an employer's potential backpay liability ceases to accrue at the time the claimant rejects an employer's unconditional offer of either the same job as, or one "substantially equivalent" to, the job from which the claim arose.

The wrongful termination claims at issue in this case are governed by California law. Although *Ford Motor* has been widely adopted in both employment discrimination and wrongful termination contexts, the case is only relevant to this action to the extent that it illuminates California law. We have made such reference to *Ford Motor* in addressing California law regarding the duty to mitigate damages. *Ortiz v. Bank of America Nat'l Trust and Sav. Ass'n*, 852 F.2d 383, 386–87 (9th Cir.1988).

■ Under California law, an employee who has been wrongfully terminated has a duty to mitigate damages through reasonable efforts to achieve other employment.

> The general rule is that the measure of recovery by a wrongfully discharged employee is the amount of salary agreed upon for the period of service, less the amount which the employer affirmatively proves the employee has earned or with reasonable effort might have earned from other employment.

*Parker v. Twentieth Century–Fox Film Corp.*, 3 Cal.3d 176, 181, 474 P.2d 689, 692,

89 Cal.Rptr. 737, 740 (1970); *see also Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 778 (9th Cir.1990); *Smith v. Brown–Forman Distillers Corp.*, 196 Cal.App.3d 503, 518, 241 Cal.Rptr. 916, 924 (1987).

■ However, the failure to accept offers of employment is significant in consideration of mitigation only if the former employer shows "that the other employment was comparable, or substantially similar, to that of which the employee has been deprived." *Parker*, 3 Cal.3d at 182, 474 P.2d at 692, 89 Cal.Rptr. at 740. Thus, we have recognized that under California law, "[t]he employer bears the burden of proving that 'comparable, or substantially similar,' employment was available to the employee; the employee is not required to prove mitigation." *Kern*, 899 F.2d at 778 (citing *Parker*, 3 Cal.3d at 181–82, 474 P.2d at 692, 89 Cal.Rptr. at 740).

The *Ford Motor* framework accords with California law. Under *Ford Motor*, backpay no longer accrues if a claimant is offered a "substantially equivalent" position. Because the plaintiff in *Ford Motor* had been offered the precise job which had previously been denied, the Supreme Court assumed that substantial equivalence was established and addressed whether "special circumstances" existed justifying rejection of the employment opportunity. Nonetheless, *Ford Motor* requires that a former employer establish that the plaintiff failed to accept an unconditional offer to a job substantially equivalent to the one denied. It is only when the employer carries this initial burden that the plaintiff must establish "special circumstances" justifying a rejection of the offer. *Ford Motor*, 458 U.S. at 231–32 & 241, 102 S.Ct. at 3065–66, 3070.

In the instant case, the pivotal issue under either *Ford Motor* or California law is whether ABC carried its burden of establishing that the new position offered to Boehm was substantially equivalent to the position from which he was wrongfully discharged.

■ Under California law, the question of whether Boehm acted reasonably re-

garding his duty to mitigate damages is one of fact. *Ortiz,* 852 F.2d at 387.

The jury was instructed on mitigation as follows:

A party who is damaged by a breach of contract has a duty to do everything reasonably possible to minimize his own loss, and thus reduce the damages for which the other party is liable. A person cannot recover for losses that he could have prevented by making reasonable efforts to find or retain other employment. Thus, if you find that plaintiff is entitled to recover damages for lost compensation, you must reduce those damages by the amount attributable to plaintiff's failure, if any, to obtain other employment.

An employee's failure to seek other available employment, or rejections of such employment is justified if the other available employment is different from or inferior to the job he held with the ex-employer. If the employer does not prove that available jobs were substantially similar or comparable to the former job, no deduction from compensation is to be made by you.

The job offer from ABC constituted the thrust of its defense, and the jury was presented with ABC's contention that Boehm's failure to accept the new position was an unreasonable failure to fulfill the duty to mitigate damages. Read within the context of the case, the instruction necessitated a jury determination as to whether the job offer was for a substantially similar position. Implicit in the jury's verdict is the finding that the newly created position was not sufficiently similar to Boehm's old job.

"Jury verdicts are due considerable deference." *Kern,* 899 F.2d at 775. There is substantial evidence in the record to support the jury's finding. The disputes regarding the equivalence of total compensation, responsibilities, and legitimacy of the positions were sufficient to join the issue. The burden to establish substantial equivalence rested at all times with ABC. *See Parker,* 3 Cal.3d at 182, 474 P.2d at 692, 89 Cal.Rptr. at 740; *Kern,* 899 F.2d at 778.

ABC emphasizes Boehm's failure to show up at a meeting scheduled to discuss the new position. However, his failure to show up at the meeting only goes to the broad question of the reasonableness of Boehm's efforts to mitigate. The question as to the reasonableness of Boehm's efforts to mitigate was adequately presented to the jury. The burden to prove that Boehm's efforts to mitigate damages were unreasonable rested at all times with ABC. *See Parker,* 3 Cal.3d at 181–82, 474 P.2d at 692, 89 Cal.Rptr. at 740. Boehm's failure to attend the meeting is an insufficient basis for reversal.

ABC argues that the new position offered to Boehm was substantially equivalent for two further reasons: (1) Boehm admitted that the two positions were substantially equivalent; and (2) The inequality of the two positions is a novel claim which may not be raised on appeal. Both arguments fail.

ABC argues that Boehm admitted in the Statement of Admitted Facts that the new position offered by ABC was substantially equivalent to his former job. ABC points specifically to admitted facts 5(g), (k), and (o). Admitted fact 5(g) states only that ABC had offered Boehm a new position at the same base salary as his former job. Admitted fact 5(k) states:

After November 17, 1982, ABC informed MR. BOEHM that there was another job available for him with ABC and that this new position offered MR. BOEHM the same or similar salary, job duties and responsibilities. MR. BOEHM understood the position involved marketing ABC network radio.

ABC argues that 5(k) constitutes an admission by Boehm that the positions were substantially similar. The trial court explained the defect in this argument when it denied ABC's motion for summary judgment. Boehm admitted only that ABC had contacted him regarding a new position and that ABC *had represented* to him that the job would entail similar compensation and responsibilities. Admitted fact 5(o) only admits that Boehm was sent a letter by ABC concerning his failure to appear at the

meeting to discuss the new position. The trial court never found the statement of admitted facts to contain an admission by Boehm that the new position was substantially equivalent to his old job. The question was properly before the jury which upon appropriate instructions resolved the issue in favor of Boehm and against ABC.

■ ABC also contends that Boehm's argument that ABC failed to carry its burden of establishing the substantial equivalence of the two positions is a novel claim which Boehm should be precluded from raising on appeal. We reject the argument. Although we have barred appellees from raising issues for the first time on appeal, the issues have been those on which the appellee had borne the burden of proof and for which an inadequate record had been developed in the district court. *See, e.g., A. Kemp Fisheries, Inc. v. Castle & Cook, Inc.*, 852 F.2d 493, 497 (9th Cir.1988) (plaintiff-appellee precluded from raising claim that contract at issue was signed under economic duress where the issue was not raised below and the record did not contain facts necessary to its resolution); *United States v. Emens*, 649 F.2d 653, 656 n. 4 (9th Cir.1980) (plaintiff-appellee's argument that defendant lacked standing to suppress evidence not considered on appeal), *cert. denied*, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). Any inadequacies in this record concerning substantial equivalence manifest ABC's own failure to carry its burden of proof.

ABC and Amici are correct in emphasizing the importance of ending the accrual of liability for wrongful termination when, in the absence of special circumstances, wrongfully discharged employees fail to accept a position substantially equivalent to that from which they were discharged. The policy rationales for such a rule have been well articulated in the case law. Further, ABC's reliance on *Ford Motor* is not wholly misplaced, since *Ford Motor* conforms to the framework of California law. However, ABC and the Amici fatally assume that the necessary predicate to requiring a discharged employee to justify his failure to accept a new position—that the new position be substantially equiva-

lent—was established. On proper instruction, the jury concluded otherwise. This finding of fact is supported by the record.

### 2. New trial on damages

The district court denied ABC's alternative motion for a new trial on damages. ABC argues that a new trial is warranted on three bases: (a) the district court's refusal to give ABC's suggested *Ford Motor Co. v. EEOC*, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982), instruction; (b) alleged misconduct by Boehm and his counsel; and (c) the submission to the jury of allegedly prejudicial evidence regarding tort damages.

#### a. Jury instruction

■ A district court's formulation of jury instructions is reviewed for abuse of discretion. *See United States v. Beltran–Rios*, 878 F.2d 1208, 1214 (9th Cir.1989). ABC unsuccessfully requested the following jury instruction:

> Absent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential back pay liability.

The proffered instruction is parsed, verbatim, from the *Ford Motor* opinion. 458 U.S. at 241, 102 S.Ct. at 3070. However, the proposed instruction inadequately states the *Ford Motor* holding because the requirement of substantial equivalence is absent. The instruction given by the district court properly reflects the applicable California law. The court did not abuse its discretion in refusing to give ABC's suggested jury instruction.

#### b. Alleged misconduct

ABC contends that a series of remarks made by Boehm and his counsel regarding Boehm's failure to attend the meeting to discuss the new position mandate a mistrial. The same argument was rejected by the district court in ABC's motion for a new trial. The district court's denial of the motion is reviewed for abuse of discretion. *See Hard v. Burlington Northern R.R.*, 812 F.2d 482, 483 (9th Cir.1987). The jury was made fully aware that the meeting had

been arranged and that Boehm failed to attend. We find no abuse of discretion.

### c. Prejudicial evidence

 ABC argues that admitted evidence concerning Boehm's responsibility for supporting his wife, his mother, and his wife's retarded grandchild prejudiced the case. The evidence was allowed under the tort theories which were ultimately reversed on post-trial motions.

Evidentiary rulings are reviewed for abuse of discretion. *Kern*, 899 F.2d at 780. ABC claims that the evidence prejudiced the jury's calculation of lost compensation damages in the contract based action. However, the lost compensation damages are based on the terms of the employment contract. The jury had separately calculated the damages attributable to the negligent infliction of emotional distress. That award was subsequently disallowed.

### 3. Voluntary departure from the job market

 ABC contends that Boehm voluntarily left the job market when he moved to Pebble Beach in the fall of 1987, and that lost compensation damages must terminate at that time.

 The question as to whether Boehm voluntarily removed himself from the job market is, in essence, a question as to the reasonableness of Boehm's efforts to obtain other employment and fulfill his obligation of mitigating damages. This question is one of fact. *Ortiz*, 852 F.2d at 387. The burden of establishing that Boehm failed to exercise reasonable diligence in seeking suitable, alternative employment was upon ABC. *California School Employees Ass'n v. Personnel Comm'n*, 30 Cal.App.3d 241, 249–50, 106 Cal.Rptr. 283, 288 (1973). Although ABC points to evidence from which the jury could have concluded that Boehm voluntarily removed himself from the market, the record also supports a finding that Boehm had not removed himself from the relevant job market by moving to Pebble Beach and that the move did not represent a failure to make "reasonable efforts to find or retain other employment" (as required by the court's jury instruction).

### 4. The award of "front pay"

 The jury's finding as to the amount of damages must be upheld unless found to be grossly excessive, clearly not supported by the evidence, or based only on speculation or guesswork. *See Los Angeles Memorial Coliseum Comm'n v. NFL*, 791 F.2d 1356, 1360 (9th Cir.1986), *cert. denied*, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987). California courts have recognized the propriety of front pay in the wrongful termination context. *Smith v. Brown–Forman Distillers Corp.*, 196 Cal. App.3d at 517–19, 241 Cal.Rptr. at 923–24. Because the wrongful termination action is based in contract, the measure of recovery is the amount of salary agreed upon for the period of service, subject to the duty of mitigation. *Id.* at 518, 214 Cal.Rptr. at 924. The California courts have thus recognized that an award of front pay may be extended to retirement. *Id.* Although the six year period of front pay is longer than customary in federal discrimination actions, it is not so unsound as to warrant reversal. Evidence in the record would support a finding that Boehm would no longer be able to obtain a position equivalent to his former job. The calculation is not arbitrary, but is based upon Boehm's losses up to the trial coupled with the expected income for the next six years if Boehm had not been wrongfully discharged by ABC.

### Conclusion

ABC has failed to raise an argument sufficient to overcome the considerable deference given to jury verdicts. Although the duty to mitigate damages recognized by California law and *Ford Motor* is of great importance, the burden of an employer to establish the substantial equivalence of a subsequently offered position is pivotal. A jury, properly instructed, found that ABC failed to establish the predicate fact necessary to absolve itself of liability.

AFFIRMED.