947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
REGAL AUTO BODY SHOP, INC., Plaintiff-Appellant,
v.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS, AFL-CIO, DISTRICT LODGE 190; LOCAL LODGE
1414, Defendant-Appellee.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS, AFL-CIO, DISTRICT LODGE 190; LOCAL LODGE
1414, Plaintiff-Appellee,
v.
REGAL AUTO BODY SHOP, INC., Defendant-Appellant.
 Nos. 90-16730 and 90-16731.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Oct. 30, 1991.
 
 Before SKOPIL, PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Regal Auto Body Shop, Inc. (Regal) appeals the district court's confirmation of an arbitrator's decision reinstating a former employee, Victor Weider, and ordering backpay. We review de novo a district court's grant of summary judgment confirming an arbitration award. Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 284 (9th Cir.1989). Our scope of review, however, is extremely narrow. Van Waters & Rodgers, Inc. v. Local Union 70, 913 F.2d 736, 739 (9th Cir.1990). The arbitrator's factual determinations and legal conclusions receive deferential review. Stead Motors v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1209 (9th Cir.1989) (en banc), cert. denied, 110 S.Ct. 2205 (1990). As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of authority, we cannot overturn the decision simply because we disagree with factual findings, contract interpretation, or choice of remedies. Van Waters, 913 F.2d at 739.
 
 
 3
 Applying that narrow scope of review to this case, we conclude that the district court properly confirmed the arbitrator's award. The arbitrator clearly interpreted and applied the parties' collective bargaining agreement to resolve the issues presented to him. He recited relevant contract provisions and applied them to the dispute. Regal's contention that the arbitrator ignored the contract provision limiting backpay awards to employees who "make a reasonable effort to secure other comparable employment" is belied by the fact that the arbitrator subtracted all of Weider's outside earnings in calculating the backpay award. This not a case where it can be said that the arbitrator's award violated an "explicit, well defined and dominant" public policy. See Stead Motors, 886 F.2d at 1212.
 
 
 4
 Regal nevertheless argues that the arbitrator should have concluded that the position it offered to Weider was "comparable employment." Under California law, an employer may limit backpay liability by showing that the employee "failed to accept an unconditional offer to a job substantially equivalent to the one denied." Boehm v. American Broadcasting Co., 929 F.2d 482, 485 (9th Cir.1991). We reject Regal's argument. First, the issue of mitigation was expressly presented to the arbitrator and was decided by him. See Teamsters Local Union No. 760 v. United Parcel Service, Inc., 921 F.2d 218, 220 (9th Cir.1990) ("[I]ssues presented to arbitration cannot be relitigated in federal court."). Second, the arbitrator implicitly concluded that the position offered to Weider was not comparable because of the loss of seniority. Even if we disagreed with that conclusion, we must affirm the arbitrator's award. The award represents a plausible interpretation of the contract; therefore, " 'judicial inquiry ceases and the award must be enforced.' " Stead Motors, 886 F.2d at 1209 (quoting Sheet Metal Workers Local No. 359 v. Arizona Mechanical & Stainless, Inc., 863 F.2d 647, 653 (9th Cir.1988)).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3