956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmundo SANCHEZ-BERRIDI, aka: Edmundo Sanchez, Plaintiff-Appellant,
v.
Julia Ann MONCUR; Larry Moncur; Diane Moncur; Patrick
McKinley; Santa Barbara School District; Pat Moropolous;
David Short; County of Santa Barbara, Office of the County
Superintendents of Schools, et al.; William Cirone; Peter
Fitzgerald; Dorene McCracken, Defendants-Appellees.
Edmundo SANCHEZ-BERRIDI, Plaintiff-Appellant,
v.
Julia Ann MONCUR, Defendant,
and
Patrick McKinley; David Short; Santa Barbara School
District; Pat Moropolous, Defendants-Appellees.
 Nos. 91-55252, 91-55255.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 10, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Edmundo Sanchez-Berridi (Sanchez) challenges the district court's dismissal of his third action, arising out of the termination of his employment. Sanchez also challenges the district court's imposition of sanctions under Federal Rule of Civil Procedure 11. We affirm and award sanctions pursuant to Federal Rule of Appellate Procedure 38.
 
 FACTS
 
 3
 Sanchez, a bilingual teacher's aide, was criminally charged with knowingly molesting a minor, Julia Ann Moncur, and prowling around an inhabited dwelling in violation of California Penal Code §§ 647(a) and 647(g). Pursuant to a plea bargain, he pled guilty to public intoxication and received a suspended sentence and probation. Sanchez was terminated from his employment on June 24, 1985 on grounds of misconduct, insubordination, inefficiency, and inexcusable absence without leave. He resigned his position in order to secure benefits under the Public Employees Retirement System, and thus a termination hearing was never held.
 
 
 4
 Sanchez filed his first action on September 25, 1985 alleging conspiracy, fraud, malicious prosecution, defamation of character, and violation of his constitutional rights to procedural due process and equal protection. The numerous defendants included the prosecutor Patrick McKinley, the Moncur family, the Santa Barbara School District, the County of Santa Barbara, individual administrators, judges, attorneys, and detectives. All of Sanchez's claims were resolved in favor of the defendants, either pursuant to summary judgment or dismissal without leave to amend.
 
 
 5
 Sanchez then filed a second action on May 13, 1988 alleging the same violations against the same defendants. We affirmed the district court's March 12, 1990 dismissal of that action on the basis of res judicata. Sanchez-Berridi v. Moncur, et al., No. 90-55720 (9th Cir. June 24, 1991) (unpublished disposition). While the appeal from the March 12th judgment was pending before us, Sanchez filed a motion in district court to vacate that judgment. The district court found that the motion was frivolous and in bad faith; it imposed Rule 11 sanctions upon Sanchez. He appeals that order in case No. 91-55255.
 
 
 6
 Sanchez filed his third action on April 6, 1990 alleging, once again essentially the same claims against the same defendants. The district court dismissed the third action on the basis of res judicata and the statute of limitations and ordered Sanchez not to file any further pleadings or documents. The court imposed Rule 11 sanctions against Sanchez for the reasonable amount of the defendants' attorneys' fees in defending a repetitive action. Sanchez appeals these determinations in case No. 91-55252.
 
 DISCUSSION
 Res Judicata
 
 7
 Res judicata, or claim preclusion, bars the relitigation of the claims presented in Sanchez's third action. Claim preclusion applies when there is "(1) a valid, final judgment, (2) rendered on the merits, (3) a subsequent action involving the same parties or those in privity with them, (4) that is based on the same cause of action or claim." Hooker v. Klein, 573 F.2d 1360, 1367 (9th Cir.), cert. denied, 439 U.S. 932, 99 S.Ct. 323, 58 L.Ed.2d 327 (1978); see Parklane Hoisery Co., Inc. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).
 
 
 8
 All of the necessary elements are present here. First, the district court's order dismissing the case as to all of the defendants is final. Second, the court's dismissal for failure to state a claim was "on the merits." United States v. Bechtel Corp., 648 F.2d 660, 663 (9th Cir.), cert. denied, 454 U.S. 1083, 102 S.Ct. 638, 70 L.Ed.2d 617 (1981); Fed.R.Civ.P. 41(b). Third, this action involves the same parties as did the first two actions. Finally, the claims in the third action are the same as those in the first and second actions. Therefore, just as Sanchez's second action was barred by res judicata, so too is his third action.[1]
 
 Sanctions
 
 9
 The district court did not abuse its discretion in imposing Rule 11 sanctions against Sanchez for his frivolous and bad faith motions and suits. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, ----, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990) (all aspects of Rule 11 sanctions reviewed for abuse of discretion); Teamsters Local Union No. 760 v. United Parcel Serv., 921 F.2d 218, 219 (9th Cir.1990). Rule 11 sanctions are warranted "if the [pleading] filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986).
 
 
 10
 We reserve the imposition of sanctions against a pro se plaintiff for those cases which demonstrate the most egregious abuses. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1036-37 (9th Cir.1985), cert. denied, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986); Wood v. McEwen, 644 F.2d 797, 802 (9th Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982). This is one of those cases. Sanchez has filed three virtually identical complaints, numerous motions, and a number of appeals in frivolous lawsuits. He has involved multiple defendants in lawsuits based on unsubstantiated claims. He was informed of the lack of merit of his claims when the district court ordered him not to file any more documents without its permission. The court considered Sanchez's pro se status in determining the amount of the sanctions and only awarded the defendants' reasonable attorneys' fees. Therefore, the district court did not abuse its discretion in awarding Rule 11 sanctions.
 
 
 11
 Defendants Patrick McKinley, the County of Santa Barbara, and the Santa Barbara School District request that this court award double costs and damages pursuant to Rule 38 for Sanchez's frivolous appeal of his third action. McKinley and the County also ask for similar costs and damages in the appeal from the Rule 11 award in the second action. Rule 38 provides that where the court determines that an appeal is frivolous, it may award damages and single or double costs to the appellees. Wood v. Santa Barbara Chamber of Commerce, Inc., 699 F.2d 484, 485 (9th Cir.1983), cert. denied, 465 U.S. 1080, 104 S.Ct. 1445, 79 L.Ed.2d 765 (1984). We are particularly cautious in imposing sanctions under Rule 38 when the appellant appears pro se. Id.; cf. McEwen, 644 F.2d at 802. However, Sanchez has instigated numerous complaints and appeals to harass those who prosecuted him for molesting and annoying a minor. Sanchez's frivolous and bad faith appeals justify the imposition of Rule 38 sanctions. Sanchez is ordered to pay the sum of $500 damages plus double costs to Santa Barbara School District, and a total sum of $1000 as damages plus double costs to McKinley and the County of Santa Barbara.
 
 
 12
 AFFIRMED, with awards of damages and double costs as detailed above.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sanchez's further claims that the district judge should have been recused and that Moncur's default should not have been vacated are also wholly meritless. See, e.g., Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984) on the former claim and Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir.1986) on the latter one