42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas L. GOULD, individually and as Personal Representative
for the Estate of Lyn Joanne Gould, Plaintiff-Appellee,
v.
AEROSPATIALE HELICOPTER CORPORATION, a Delaware corporation,
Defendant-Appellant.
Thomas L. GOULD, individually and as Personal Representative
for the Estate of Lyn Joanne Gould, Plaintiff-Appellee,
v.
SOCIETE NATIONALE INDUSTRIELLE AEROSPATIALE, a French
corporation, Defendant-Appellant.
 Nos. 93-35791, 93-35796.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Decided Nov. 22, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * The district court properly admitted evidence of Lyn Gould's pre-death pain and suffering on the authority of the Washington Supreme Court's decision in Bingaman v. Grays Harbor Community Hosp., 103 Wash.2d 831, 699 P.2d 1230 (1985). The fact that the decedent's pain, suffering, and fear of death preceded the "injuries" which immediately caused death did not bar recovery in Bingaman; the Washington Supreme Court permitted recovery for pre-death emotional distress because the same tortious conduct that caused the death also caused the fear of death. That was also the case here.
 
 II
 
 3
 The district court correctly declined to reduce the award for lost future earnings by the amount of the income tax that might have been imposed on those earnings. The district court's finding the Goulds' income was not "extremely high" within the meaning of Hinzman v. Palmanteer, 81 Wash.2d 327, 334, 501 P.2d 1228, 1233 (1972), was not clearly erroneous. None of the authorities cited by defendants supports their argument that the Washington courts would require expected income taxes to be deducted on the facts of this case.
 
 III
 
 4
 Neither the jury's verdict nor the district court's award was excessive under any applicable standard of review.
 
 
 5
 * The defendants have not established any error of law at trial that might have affected the amount of the jury verdict. The evidence regarding Lyn Gould's fall from the helicopter was properly submitted to the jury on the issue of emotional distress. See Bingaman, 103 Wash.2d at 836-37, 699 P.2d at 1233-34. The comments of plaintiff's counsel during closing argument were not so prejudicial that it was an abuse of discretion to deny a new trial--the comments were isolated and defendants did not object to them. Kehr v. Smith Barney, Harris Upham & Co., Inc., 736 F.2d 1283, 1286 (9th Cir.1984).
 
 B
 
 6
 The court's calculation of economic damages was not clearly erroneous, and the jury's award was supported by substantial evidence. Defendants' contention that the Estate's expert did not use Lyn Gould's actual earnings in estimating lost future earnings misrepresents the record. Mr. Moss based his estimate on several sources, including Lyn Gould's actual earnings from 1983 to the time of her death. S.E.R. at 653-54. The court explicitly adopted Moss's analysis and found that Dr. Jolivet's conclusions were "arbitrary and completely undermined his credibility." E.R. at 109-10.
 
 
 7
 The fact that the jury's award exceeded Moss's estimate "is not an adequate basis upon which to disturb the jury verdict. The jury [is] entitled to disregard the amount asked for when there [is] other evidence from which the jurors could draw their own conclusions." Glovatorium, Inc. v. NCR Corp., 684 F.2d 658, 664 (9th Cir.1982). There was ample evidence to support the jury's conclusion that the actual damages exceeded Moss's estimate. Moss used Labor Department statistics on work life expectancy in his calculations even though he believed they were unrealistically low, S.E.R. at 666-67; Moss used statistical averages in reducing expected wages by expected consumption, despite substantial evidence that Lyn Gould was a frugal person, id. at 674-76; and Moss did not consider fringe benefits on the unsupported assumption Lyn Gould would have consumed them herself, id. at 677.
 
 C
 
 8
 Whether the excessiveness of a jury verdict is reviewed under a federal standard, see Boehm v. American Broadcasting Co., Inc., 929 F.2d 482, 488 (9th Cir.1991), or a state standard, see McCarthy v. United States, 870 F.2d 1499, 1500 (9th Cir.1989), neither the award of noneconomic damages nor the total damage award was excessive. After reviewing the record in this case, we do not find the jury's damage awards "grossly excessive or monstrous," Brett v. Hotel, etc., Employees & Bartenders, Local 879, 828 F.2d 1409, 1417 (9th Cir.1987), nor do we believe the award would "shock[ ] the conscience" of the Washington courts, Washburn v. Beatt Equip. Co., 120 Wash.2d 246, 268, 270-71, 840 P.2d 860, 873-74 (1992).[1] There was sufficient evidence to support the awards for pain and suffering and loss of companionship, and there is no indication the jjry was swayed by passion or prejudice. Moreover, the district court's determination of noneconomic damages in the bench trial was not clearly erroneous.
 
 
 9
 We reject the contention that the district court erred in denying defendants' new trial motion simply because the jury's award against the distributor was higher than the court's award against the French manufacturer. The district court expressly found the jury's verdict was not excessive under any applicable standard, unlike the court in Fenner v. Dependable Trucking Co., Inc., 716 F.2d 598 (9th Cir.1983). The purpose of the joint trial procedure was to insure that the evidence against the foreign corporation was weighed by the judge independently. Although the court's damage award was lower than that of the jury, the difference was not so great as to suggest the jury's verdict was grossly excessive. Cf. Matthews v. CTI Container Transp. Int'l, Inc., 871 F.2d 270, 277 (2d Cir.1989) (upholding a jury verdict finding a defendant negligent when the trial judge had concluded after a simultaneous bench trial that he was not).
 
 
 10
 We reject the argument that the jury's noneconomic damage award was improper because it was 80 percent of total damages. Absent evidence that the jury was swayed by passion or prejudice, this fact provides no basis for a reduction of damages. Cf. Glovatorium, 684 F.2d at 663 (fact that punitive damage award was 9.1 times compensatory damages provides inadequate basis for disturbing that award).**
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Washington Supreme Court has expressly disapproved the practice of comparing the award in one case to verdicts in other cases to determine excessiveness. Washburn, 120 Wash.2d at 268, 840 P.2d at 871. In any event, the district court undertook such a comparison and found the award in this case was not excessive by comparison to awards in other Washington cases. See, e.g., Washburn, 120 Wash.2d at 280, 840 P.2d at 879 (reinstating a $2 million jury verdict for loss of companionship and consortium even though the spouse was still alive and his ability to communicate was undiminished)
 
 
 **
 Defendants' argument that the case against Aerospatiale Helicopter Corporation should have been tried to the court is addressed in a separate published opinion