**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINNIE B. FANG, M.D., | No.    19-15022 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-06071-JD |
| v. | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted April 16, 2020[**]
San Francisco, California

Before:  HAWKINS and PAEZ, Circuit Judges, and RESTANI,[***] Judge.

Dr. Winnie B. Fang appeals the district court's (1) denial of vacatur of an

unfavorable award issued by the Financial Industry Regulatory Authority

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

("FINRA") in an arbitration Fang initiated against Merrill Lynch for its alleged failure to prevent the wrongful escheatment of her shares of Peet's Coffee & Tea, Inc. and (2) dismissal of her later-filed class action complaint raising the same allegations without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The FINRA panel did not exceed its authority by adjudicating Fang's claim—proceedings, we are careful to note, that she voluntarily initiated. *See* 9 U.S.C. § 10(a)(4); *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1440 (9th Cir. 1994) ("Once a claimant submits to the authority of the arbitrator and pursues arbitration, he cannot suddenly change his mind and assert lack of authority.").

The record lends no support to her argument that the panel addressed more than her individual claim against Merrill Lynch. That her individual claim's resolution now keeps her from representing a putative class of similarly situated claimants does not justify vacatur. *See Douglas v. U.S. Dist. Ct. for C.D. Cal.*, 495 F.3d 1062, 1069 (9th Cir. 2007) ("Losing the opportunity to continue as a class representative doesn't come close to meeting [the 9 U.S.C. § 10(a)] standard.").

We are similarly loath to question the panel's plausible, even if erroneous, interpretations of various FINRA Rules in refusing to dismiss Fang's claim when she later opted to file a class action complaint. *See Sanchez v. Elizondo*, 878 F.3d 1216, 1223 (9th Cir. 2018) (rejecting judicial role in deciding "whether the arbitrator

committed an error, even a serious error, in interpreting [FINRA Rules]"). Where, as here, the panel has "confined [itself] to the interpretation and application of the parties' agreement," it has not exceeded its authority. *See id.*

Nor was its eventual award in Merrill Lynch's favor "procured by . . . undue means." 9 U.S.C. § 10(a)(1). The alleged withholding of documents and information by Merrill Lynch's counsel during discovery does not impugn the integrity of the panel's award. As an initial matter, the record lends little credence to Fang's accusations. Even if it did, such discovery gamesmanship "occurs with such frequency" that this alone scarcely constitutes "undue means." *See A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992) (reaching same conclusion when opposing party invoked "meritless defense").

Still more importantly, Fang raised her concerns with the FINRA panel, which ultimately was unmoved—something we cannot reexamine. *See Sanchez*, 878 F.3d at 1223; *see also Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 643–44 (9th Cir. 2010) (deferring to arbitrator interpretation of a "procedural matter"). The limited grounds for vacatur in 9 U.S.C. § 10(a) do not give her "a second bite at the apple." *See McCollough*, 967 F.2d at 1404; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987–88 (9th Cir. 2001) (refusing to vacate arbitral award for complaints of false statements and doctored photographs already rejected by arbitrator).

We therefore agree with the district court's dismissal of Fang's class action complaint as waived. Both the FINRA Rules—which Fang agreed to be bound by— and the law of our circuit so hold. *See* FINRA Rule 12209, https://www.finra.org/rules-guidance/rulebooks/finra-rules/12209 ("During an arbitration, no party may bring any suit, legal action, or proceeding against any other party that concerns or that would resolve any of the matters raised in the arbitration."); *Teamsters Local Union No. 760 v. United Parcel Serv., Inc.*, 921 F.2d 218, 220 (9th Cir. 1990) ("[I]ssues submitted to arbitration cannot be relitigated in federal court."); *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1099 (9th Cir. 1987) ("[B]y submitting its . . . claims to arbitration, [the claimant] waived any right it had to litigate those claims in federal court.").

Fang advances no authority for her theory that Merrill Lynch first had to alert her to a potential class of similarly situated claimants. Conversely, the FINRA panel's resolution of Fang's individual claim extinguished any "concrete stake" she might otherwise have had in a class action for the same conduct. *See Douglas*, 495 F.3d at 1069; *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) ("In the absence of any claimant's opting in, respondent's [class action] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action."). Despite already having amended the class complaint, Fang has never alleged another basis for relief that pertains to her.

4

Accordingly, the district court properly dismissed the class complaint as waived and acted within its discretion in denying as futile yet another opportunity to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given.").

**AFFIRMED.**