[Civ. No. 22476. Third Dist. June 14, 1983.]

ROBERT S. HOWLAND, JR., Plaintiff and Appellant, v.
JOHN BALMA, Defendant and Respondent.

COUNSEL

Robert A. Rehberg for Plaintiff and Appellant.

Halkides & Morgan and G. Dennis Halkides for Defendant and Respondent.

## OPINION

**EVANS, Acting P. J.**—Plaintiff appeals following entry of summary judgment on defendant's motion. We reverse.

Plaintiff, a former deputy sheriff of the County of Shasta, filed this action in November 1981 against defendant, who at the time of plaintiff's alleged injury was plaintiff's supervisor and Sheriff of Shasta County. Plaintiff's complaint included causes of action for slander and violation of the Public Safety Officers Procedural Bill of Rights Act. (Gov. Code, § 3300 et seq.)[1]

Plaintiff's allegations of slander are based upon statements made by defendant to Dave Waddell, a newspaper reporter for the Redding Record Searchlight. According to the complaint, defendant told Waddell "[t]hat Plaintiff while on duty as a Shasta County deputy sheriff, used unnecessary force in the arrest of an upstanding citizen, and that . . . Defendant had punished Plaintiff by banishing him to a custody position and determining never to assign Plaintiff to patrol duty again, or words to that effect. [¶] . . . That . . . Defendant knew . . . [the] statements would . . . be printed in said Record Searchlight newspaper and distributed throughout the County of Shasta. [¶] [That] [t]he words . . . spoken . . . were slander per se because they accuse Plaintiff of a violation of Penal Code section 149,[2] a criminal act, . . . and said words directly injure Plaintiff in his profession of law enforcement by imputing to him a lack of judgment and wreckless [sic] disregard for the well-being of upstanding citizens required for such profession. [¶] . . . As a result of the publication . . . Plaintiff . . . suffered general damages to his reputation in the sum of $250,000."[3]

Prior to the filing of his complaint, plaintiff, in April 1981, filed an application for workers' compensation benefits against the County of Shasta (County) as his employer.[4] This matter was resolved by a "compromise and release" entered into between plaintiff and the County. Pursuant to this agreement, plaintiff received $1,000, plus back pay and a disability retirement pension.

---

[1]This appeal is concerned only with plaintiff's cause of action for slander.

[2]Penal Code section 149 provides: "Every public officer who, under color of authority, without lawful necessity, assaults or beats any person, is punishable by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment."

[3]Plaintiff also alleged special damages relating to psychiatric and other medical consultation, as well as legal costs in processing his disability retirement application. Finally, plaintiff alleged the words were spoken with malice and sought an award of punitive damages.

[4]In his application, plaintiff asserted he sustained an injury, "INTERNAL & PSYCHE," arising out of and in the course of his employment.

Defendant's motion for summary judgment was in two parts. First, defendant argued plaintiff's action for slander, arising out of and in the course of plaintiff's employment with the County, was barred by the exclusive provisions of the Workers' Compensation Act. Defendant also asserted the action was barred by the compromise and release.

The trial court held the action was not barred by the exclusivity provisions of the Labor Code, but that plaintiff's compromise and release with the County barred further compensation for plaintiff's injuries. Judgment was thereafter entered in favor of defendant, and plaintiff appeals.

### DISCUSSION

■ On appeal, defendant again argues that plaintiff's action for slander is compensable under the Workers' Compensation Act (see Lab. Code, §§ 3600 and 3602),[5] which provides plaintiff his exclusive remedy. Defendant asserts plaintiff was an employee at the time of the alleged injury, and that the alleged slander "[a]rose out of and in the course of" plaintiff's employment. Defendant argues that as the conditions of compensation exist, plaintiff may not bring a common law action for slander. We disagree.

Defendant has not cited, nor have we found, any case holding, or implying, that an employee's action for slander against his employer is barred by the applicable provisions of the Workers' Compensation Act. To the contrary, every case discovered that has considered this issue has ruled otherwise.

In *Braman* v. *Walthall* (1949) 215 Ark. 582 [225 S.W.2d 342], two store employees alleged their employer's store superintendent falsely called them "thieves," "cheats," and "liars" in the presence of other store employees and of each other. The employees alleged damage to their reputations, embarrassment, mental anguish, and physical illness. Judgments in favor of the employees in the slander actions were sustained as against the employer's contention that the Workmen's Compensation Commission had exclusive jurisdiction. The court labeled the employer's contention "novel," and noting the state workmen's compensation law provided compensation for disability or death from injury arising out of and in the course of employment, or from occupational disease arising therefrom, determined nothing in the language of the act

---

[5]Labor Code section 3600 states in part: "(a) Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as . . . provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . ."

Labor Code section 3602 states in part: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, . . . the sole and exclusive remedy of the employee . . . against the employer, . . ."

could be construed as including slander or damage to character as furnishing a basis for compensation to employees. (*Id.*, at p. 344.)

In *Foley* v. *Polaroid Corp.* (1980) 381 Mass. 545 [413 N.E.2d 711], an employee brought an action against his employer for, inter alia, intentional infliction of emotional distress, defamation, malicious prosecution, and loss of consortium. The employer asserted the action was barred by the exclusive provisions of the state Workmen's Compensation Act (Act). With regard to the cause of action for slander the *Foley* court held: "We conclude that the employee's claim for injury to his reputation is not the type of personal injury contemplated by [the Act]. In so concluding, we emphasize the lack of relation between the kind of injuries covered by the compensation act and the injury involved here. The act has been interpreted to encompass physical and mental injuries arising out of employment, whereas the gist of an action for defamation is injury to reputation, irrespective of any physical or mental harm. [Citations.] We recognize the conceptual problem inherent in the employee's [complaint] including physical and mental injury as elements of damage in the defamation claim. However, we feel that to block the main thrust of this action because of peripheral items of damages, when a compensation claim could not purport to give relief for the main wrong of injury to reputation, would be incongruous, and outside the obvious intent of the exclusiveness clause." (Fn. omitted; *id.*, at p. 715. Accord *Battista* v. *Chrysler Corp.* (Del.Super. 1982) 454 A.2d 286, 289-290; see also *Columbia Sussex Corp., Inc.* v. *Hay* (Ky.App. 1981) 627 S.W.2d 270, 278-279 (slander per se);[6] *Gambrell* v. *Kan. City Chiefs Football Club* (Mo.App. 1978) 562 S.W.2d 163, 165-166 (dicta).) We agree with this appraisal.

We reject defendant's assertion that because plaintiff's injuries arose generally "out of the course and scope of his employment" that plaintiff is thereby relegated to the provisions of the Workers' Compensation Act (Act). The Legislature and the courts of this state have recognized that not all harms occasioned by the employment relationship qualify as compensable injuries under the Act. (See, e.g., (1) Lab. Code, § 3602, subd. (b)(1) (action at law may be brought where employee's injury or death is proximately caused by a willful physical assault by employer); see *Meyer* v. *Graphic Arts International Union* (1979) 88 Cal.App.3d 176, 178 [151 Cal.Rptr. 597]; *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760, 779-780 [121 Cal.Rptr. 621; (2) Lab. Code, § 3602, subd. (b)(2) (action at law may be brought where

---

[6]The *Hay* court noted: "The purpose of Workers' Compensation is to redress physical and mental injuries and damages arising from the employment relationship. The crux of a slander *per se* action is not injury, for no actual damages are required to be shown. . . . [¶] Inasmuch as liability for . . . slander *per se* . . . can be established without a showing of actual damages, there is nothing for which the Workers' Compensation Act would compensate. The Act is strictly limited to recovery for actual injuries; . . . the fact that damages . . . could punitively be assigned does not serve to extend its application." (627 S.W.2d at p. 279.)

employee's injury is aggravated by employer's fraudulent concealment of the existence of the injury and its connection with the employment); *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 477-478 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758]; (3) *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386, 402 [343 P.2d 787] (action for fraud permissible against employer who made misrepresentations regarding employee's right to medical care and conspired with third party to conceal from employee that his injuries, which occurred while he was working, were caused by a third party against whom he had recourse).)

The right to benefits under the Act is the employee's exclusive remedy against the employer where the conditions of liability under the Act exist. (Lab. Code, §§ 3600-3602.) The conditions of liability attach where the employee receives " 'a personal injury arising out of and in the course of his employment . . . .' " (*Kissinger* v. *Mannor* (1979) 92 Mich.App. 572 [285 N.W.2d 214, 216].) The "personal injuries" for which the Act provides a remedy includes "physical and mental injuries suffered on account of employment." (*Sewell* v. *Bathey Mfg. Co.* (1981) 103 Mich.App. 732 [303 N.W.2d 876, 878]; see *Twentieth Century-Fox Film Corp.* v. *Workers' Comp. Appeals Bd.* (1983) 141 Cal.App.3d 778, 783-784 [190 Cal.Rptr. 560].) Thus, the Act relates to medical and/or occupational injuries, i.e., those risks to which the fact of employment in the industry exposes the employee. (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 277 [179 Cal.Rptr. 30, 637 P.2d 266].)

The gist of an action for slander, however, is damage to reputation. (Civ. Code, § 46; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 271, p. 2542.) The harm flowing therefrom is not a "personal injury" (i.e., medical or physical injury to the body) or a risk of employment within the purview of the workers' compensation law. (See *Battista* v. *Chrysler Corp., supra,* 454 A.2d at p. 289; *Gambrell* v. *Kan. City Chiefs Football Club, supra,* 562 S.W.2d at p. 166.) "In fact, an injury to reputation affects a proprietary interest and as such is not a personal injury at all, any concomitant physical or mental injury notwithstanding." (*Battista* v. *Chrysler Corp., supra,* 454 A.2d at p. 289.)

"[T]he key to whether the Workmen's Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim, not the nature of defendant's act which plaintiff alleges to have been responsible for the injury." (*Gambrell* v. *Kan. City Chiefs Football Club, supra,* 562 S.W.2d at p. 168.) A review of the relevant statutory and decisional law of this state, together with sister state decisions construing similarly worded workers' compensation laws, manifests that an injury to reputation is not the type of injury contemplated by the California Workers' Compensation Act. Indeed, we can find nothing in the Act which indicates a legislative intent that

slander of an employee by his employer is a risk of employment (cf. *Ramey* v. *General Petroleum Corp.*, *supra*, 173 Cal.App.2d at pp. 402-403) or is in any manner a compensable injury under the Act.[7] Our conclusion is in accord with that of a distinguished commentator, who states: "If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort." (2A Larson, Workmen's Compensation Law (1982) § 68.34(a), pp. 13-62-13-63.)

We turn next to the compromise and release signed by plaintiff and the County, and the trial court's granting of summary judgment on the basis that the release precludes any further action by plaintiff for damages relating to his employment as a deputy sheriff.

Prior to executing the compromise and release, plaintiff sought workers' compensation benefits, alleging "injury arising out of and in the course of employment to 'INTERNAL & PSYCHE'" [referring to those parts of the body that were injured] and occurring as a result of "CUMULATIVE STRESS & STRAIN OF EMPLOYMENT." Plaintiff alleged his cumulative injury accrued during the period December 1972 through April 1981, and included the period during which the alleged slanderous statements were made by defendant. The compromise and release states plaintiff's injury arose out of and in the course of plaintiff's employment as follows: " '[I]nternal & psyche.' It is the intention of the parties to settle any and all claims for any *industrial injury or injuries* while [plaintiff was] an employee of the County of Shasta." (Italics added.) The compromise and release was approved by the Workers' Compensation Appeals Board.

The terms of the compromise and release relate to industrial injuries—*physical* and *mental* injuries suffered by plaintiff while an employee of the County. There is nothing on the face of the agreement, however, which demonstrates an intention of the parties to settle, or particularly an intention of plaintiff to compromise, any claim arising out of injury to *reputation*. The agreement appears to have been directed at those industrial injuries (physical and mental) over which the Workers' Compensation Appeals Board has exclusive jurisdiction. At the least, there is a triable issue of fact whether the

---

[7] "[S]ound principles of law authorize a plaintiff/employee's civil suit for damages against his employer . . . where . . . his injuries are not compensable through workers' compensation . . . ." (*Lagies* v. *Copley* (1980) 110 Cal.App.3d 958, 970 [168 Cal.Rptr. 368].)

agreement was directed at injury to reputation and thus bars the instant action for slander. The granting of summary judgment in this regard was error.[8]

Nothing we have said in this opinion should be construed as a comment on the merits of plaintiff's action for slander or on any defenses, including that of privilege, which may be asserted thereto. In addition, we are concerned about potential expansion of this issue to the point where all work-related criticisms result in common law actions for defamation. Clearly, the qualified privilege provided by Civil Code section 47, subdivision 3, may be asserted to defeat most of these actions. We think the question, however, is appropriate for legislative consideration. The Legislature has recently addressed issues of dual capacity and the exclusiveness of the workers' compensation laws (see Lab. Code, § 3602), and the question of slander in a work-related context appears ripe for consideration.

The judgment is reversed.

Carr, J., and Sims, J., concurred.

---

[8]To the extent plaintiff seeks in his complaint damages for "psychiatric and medical consultation" and legal costs in processing his disability application, it appears the compromise and release would prohibit recovery in this regard, lest plaintiff be allowed double recovery to which he is not entitled. The thrust of the action, however, is damages to reputation, and the assertion of peripheral items of damages as a makeweight should not defeat plaintiff's common law action. (See *Foley* v. *Polaroid Corp.*, *supra*, 413 N.E.2d at p. 715.)