Percy MOUNTEER, Plaintiff
and Petitioner,

v.

UTAH POWER & LIGHT COMPANY,
Defendant and Respondent.

No. 890212.

Supreme Court of Utah.

Dec. 26, 1991.

Robert B. Sykes, Mitch Vilos, Phillip Kent Card, M. Gale Lemmon, Salt Lake City, for petitioner.

Robert Gordon, Samuel F. Chamberlain, Paul H. Proctor, Salt Lake City, for respondent.

ON CERTIORARI TO THE UTAH
COURT OF APPEALS

HOWE, Associate Chief Justice:

We granted certiorari to review a memorandum decision of the court of appeals which affirmed the trial court's dismissal of plaintiff Percy Mounteer's complaint against defendant Utah Power & Light

Company (UP & L). *Mounteer v. Utah Power & Light Co.,* 773 P.2d 405 (Utah Ct.App.1989). The dismissal was for plaintiff's failure to state a claim upon which relief may be granted. Utah R.Civ.P. 12(b)(6).

Plaintiff was employed by UP & L in its mining activities in Emery County. In December 1984, a fire at the Wilberg Mine caused the death of twenty-one miners. Plaintiff was on duty when the fire broke out, and as a result of his involvement in endeavoring to control the fire, he developed symptoms of post-traumatic stress syndrome. However, he continued in his employment. Some time later, Niki Larsen, an in-house security guard employed by UP & L, was assigned to investigate plaintiff for suspected drug use. During an interview of plaintiff at his work, she allegedly called the mine superintendent over a loudspeaker and accused plaintiff of being on drugs. Other employees heard the accusations. Plaintiff asserts that this accusation aggravated his post-traumatic stress syndrome, requiring him to be treated at a psychiatric hospital and rendering him permanently disabled from employment.

Plaintiff brought this action for slander, intentional infliction of emotional distress, and negligent infliction of emotional distress. UP & L moved to dismiss the complaint pursuant to rule 12(b), Utah Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. The motion was premised on our decision in *Bryan v. Utah International,* 533 P.2d 892 (Utah 1975), which held that an employee acting in the course and scope of his or her employment who intentionally injures a co-worker is not protected by the exclusivity provision of our Workers' Compensation Act, Utah Code Ann. § 35-1-60. However, the employer is liable only to the extent of workers' compensation benefits unless the employer directed or intended the injurious act. In the instant action, the trial court granted the motion to dismiss after reviewing the complaint and finding that plaintiff had failed to allege facts supporting an inference that UP & L had intended or directed Larsen's injurious act. The court

of appeals agreed that *Bryan* was controlling and affirmed the dismissal.

■ Plaintiff first contends that the court of appeals erred in holding that his claim for slander against UP & L was barred by Utah Code Ann. § 35-1-60, which provides:

> The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, shall be the exclusive remedy against any officer, agent or employee of the employer and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to such employee ... or any other person whomsoever, on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment, and no action at law may be maintained against an employer or against any officer, agent or employee of the employer based upon any accident, injury or death of an employee.

It is universally recognized that suits for damage to reputation are not barred by the exclusivity provision of workers' compensation laws. In the earliest case we have found on the subject, *Braman v. Walthall,* 215 Ark. 582, 225 S.W.2d 342 (1949), two employees brought action against their employer for damage to their reputations when their superintendant called them "thieves," "cheats," and "liars." The court rejected the employer's argument that workers' compensation barred an action for slander, calling such a theory "novel." The court stated:

> The [workers' compensation] act provides for compensation to employees for disability or death from accidental injury arising out of and in the course of employment or from occupational disease arising therefrom. We find nothing in the language of the act which could be construed as including slander or dam-

age to character as furnishing a basis for compensation to employees. 215 Ark. at 585, 225 S.W.2d at 344.

The court in *Foley v. Polaroid Corp.*, 381 Mass. 545, 413 N.E.2d 711 (1980), came to the same conclusion. It observed that the workers' compensation act in that state had been interpreted to encompass physical and mental injuries arising out of employment, whereas the gist of an action for defamation is injury to reputation irrespective of any physical or mental harm. In a footnote, the court stated, "Unlike damages in torts, compensation under the act is 'by way of relief from inability to earn, or for deprivation of support flowing from, wages theretofore received by the employee.'" *Foley*, 381 Mass. at 552 n. 5, 413 N.E.2d at 715 n. 5 (citations omitted).

Similarly in *Howland v. Balma*, 143 Cal. App.3d 899, 902, 192 Cal.Rptr. 286, 287 (1983), the court stated: "Defendant has not cited, nor have we found, any case holding, or implying, that an employee's action for slander against his employer is barred by the applicable provisions of the Workers' Compensation Act. To the contrary, every case discovered that has considered this issue has ruled otherwise." After a review of relevant statutory provisions and cases decided in California and in other states, the court concluded that an injury to reputation is not the type of injury contemplated by the California Workers' Compensation Act: "Indeed, we can find nothing in the Act which indicates a legislative intent that slander of an employee by his employer is a risk of employment or is in any matter a compensable injury under the Act." 143 Cal.App.3d at 904–05, 192 Cal.Rptr. at 289 (citations omitted). For cases to the same effect, see *Battista v. Chrysler Corp.*, 454 A.2d 286 (Del.Super.Ct.1982). *See also* Erwin S. Barbre, Annotation, *Workmen's Compensation Provision as Precluding Employee's Action against Employer for Fraud, False Imprisonment, Defamation or the Like*, 46 A.L.R.3d 1279 (1972).

We are in accord with these authorities. Our review of the provisions of the Utah Workers' Compensation Act, Utah Code Ann. §§ 35–1–1 to –107, discloses no provision for compensation for damage sustained by an employee from defamation by his or her employer even though it may occur within the course of employment. To the contrary, each provision for compensation relates to a diminution or loss of earning power caused by a physical or mental injury or by death sustained in the work place. Damage to reputation does not fall within the coverage formula of our act. *See* 2A Arthur Larson, *Workmen's Compensation Law* §§ 65, 68.33 (1990).

UP & L concedes that generally "[d]amage to reputation is a proprietary rather than a personal injury and is not barred by the exclusivity provision of workers' compensation laws." However, it argues that plaintiff's complaint exclusively seeks damages "for personal injuries which have a medical identity, physical and mental impact, and are medically treated." UP & L further asserts that the "root cause" of plaintiff's injuries was his involvement in the mine fire and that Larsen's broadcasted statement was "an aggravating continuum of that stressful event." UP & L concludes that from its standpoint, the mine fire and Larsen's acts and the injuries which plaintiff sustained were accidental and clearly within the purview of the workers' compensation scheme. There is no merit to this argument. It would be an erroneous oversimplification for us to lump together all of plaintiff's claimed damages, both to his person and to his reputation, and hold that since all of his damages stemmed directly or indirectly from the accidentally caused mine fire, workers' compensation should be his sole remedy. The authorities do not support UP & L's argument. In *Gambrell v. Kansas City Chiefs Football Club*, 562 S.W.2d 163, 168 (Mo.Ct. App.1978), the court announced the following test: "[T]he key to whether the Workmen's Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim, not the nature of … defendant's act which plaintiff alleges to have been responsible for that injury."

This was the test adopted and followed in *Foley, Battista,* and *Howland.* In *Foley,* the plaintiff made claim for malicious prosecution, defamation, and intentional infliction of mental distress. The court held, "It matters not that all three claims are based upon the same alleged conduct of defendant...." *Foley,* 381 Mass. at 552–53, 413 N.E.2d at 716. After applying the test, the court ruled that the claims for defamation and malicious prosecution were not barred because physical or mental injury was not an indispensable element of those torts. However, the plaintiff's claim for intentional infliction of mental distress was barred because "mental harm is the essence" of that tort.

The court of appeals correctly recognized that in ruling on a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and indulge all reasonable inferences in his favor. *Arrow Indus. v. Zions First Nat'l Bank,* 767 P.2d 935, 938 (Utah 1988). When that is done, the complaint in the instant case adequately states a claim for defamation. Indeed, plaintiff's first cause of action is entitled "slander." Therein, he alleges that the statement made by Larsen was defamatory in that it falsely accused him of using drugs when such was not the case. Plaintiff prayed for "general damages for embarrassment, suffering, damage to reputation, and other such damages as may be proved at trial." This pleading was sufficient and should not have been summarily dismissed.

With respect to plaintiff's claim for slander, the court of appeals erred in requiring an allegation that UP & L intended or directed Larsen's statement about him. *Bryan* is not controlling. In that case, an employee sustained personal injuries intentionally inflicted by a co-worker. We held that since the injuries were compensable under our Workers' Compensation Act, section 35–1–60 would bar any common law action against the employer unless he or she intended or directed the injurious act of the co-worker. *Bryan,* 533 P.2d at 894. We relied upon authorities holding that intentional torts should not be barred by exclusivity provisions. However, in the instant case the alleged slander cannot be compensated for by workers' compensation since damage to reputation does not fall within the coverage formula. Therefore, it was not necessary for plaintiff to allege that UP & L "intended or directed" Larsen's statement. The general rule is stated in section 65 of *Workmen's Compensation Law:* "The compensation remedy is exclusive of all other remedies by the employee or his dependents against the employer ..., if the injury falls within the coverage formula of the act. If it does not, ... the compensation act does not disturb any existing remedy." Common law rules of agency and respondeat superior should be applied to determine UP & L's liability, if any, for the alleged defamatory statement. *See Birkner v. Salt Lake County,* 771 P.2d 1053 (Utah 1989).

Plaintiff next contends that the court of appeals erred when it affirmed the trial court's dismissal of his cause of action for intentional infliction of emotional distress. The court concluded that Mounteer had not alleged facts supporting an inference that UP & L directed or intended Larsen's injurious acts and thus affirmed the dismissal of the second cause of action under the authority of *Bryan. Mounteer,* 773 P.2d at 408. We find no error. Unless plaintiff can prove that UP & L intended or directed Larsen's broadcast, his damages arising from any emotional distress can be compensated only under the workers' compensation scheme. His injuries, being mental and physical in nature, clearly fall within that coverage formula. *Foley,* 381 Mass. 545, 413 N.E.2d 711; *Battista,* 454 A.2d 286; 2A Arthur Larson, *Workmen's Compensation Law* § 68.34(a) (1990) (if the essence of the action for damages for infliction of emotional distress is to recover for physical injury or death, the action is barred). Plaintiff alleged in his complaint in paragraph 17 that the "actions of the defendant [UP & L], by and through its agent, were intentional or at least grossly negligent." It is not clear from the allegation whether it was the act of Larsen or UP

& L or both of them that is claimed to have been intentional. However, this ambiguity is cleared up by the allegation in paragraph 7 that Larsen's broadcast was in violation of UP & L's "company policy." That being so, the broadcast could not have been directed or intended by UP & L, and the dismissal of the second cause of action was proper. Section 35–1–60 thus bars any recovery.

■ Plaintiff's third cause of action for damages for negligent infliction of emotional distress was properly dismissed. Any such damages would clearly come within the purview of the Workers' Compensation Act. *See* authorities cited above.

The decision of the court of appeals is vacated, and the case is remanded to the trial court for further proceedings in accordance with this opinion.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.