982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert F. GEPHART; Robert D. Stephens; Larry F. Hearn;
Wendell L. Weeks; Lorin Brent Weston and Thomas
G. Turner, Plaintiffs-Appellants,
v.
DELMED, INC., a Massachusetts corporation, Defendant-Appellee.
 No. 90-4190.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before SEYMOUR and HOLLOWAY, Circuit Judges, and ROGERS, District Judge.*
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiffs-Appellants, six former employees of Delmed, Inc., brought suit against Delmed alleging that it violated 29 U.S.C. §§ 621 et seq. (1988) [ADEA], the Age Discrimination in Employment Act, and breached implied-in-fact contracts. Thomas Turner also brought a claim for negligent infliction of emotional distress. The district court granted summary judgment for Delmed on each claim. The employees appeal, and we affirm.
 
 
 2
 Plaintiffs held management positions in an Ogden, Utah plant, which Delmed purchased in 1982. Prior to beginning employment with Delmed, each plaintiff signed an "Employment Agreement." Five years later, Delmed discharged plaintiffs (and twelve others) as part of a reduction in force.
 
 
 3
 We review de novo the district court's grant of summary judgment. Barnson v. United States, 816 F.2d 549, 552 (10th Cir.), cert. denied, 484 U.S. 896 (1987). Summary judgment is appropriate only if there is no genuine issue as to a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 4
 Plaintiffs allege age discrimination stemming from the reduction in force. Although on appeal plaintiffs contend that Delmed carried out the reduction in force with the intent to discriminate against older employees, plaintiffs relied on a disparate impact claim below. When plaintiffs announced their intention in district court to proceed on a disparate impact theory, they did attempt to reserve a disparate treatment claim: "The Plaintiffs intend to proceed under a 'disparate impact' theory.... However, the Plaintiffs do not hereby abandon their claim that Delmed acted with discriminatory intent." Memorandum in Opposition to Defendant's Motion for Summary Judgment, Appellee's App. at 165 & n. 1.
 
 
 5
 Notwithstanding these efforts to preserve a disparate treatment claim, there is no indication in the record before us that plaintiffs set forth specific facts in the district court to support such a claim in opposing Delmed's motion for summary judgment. "A party having evidence tending to create a genuine issue of fact must present that evidence to the trial judge.... If he fails to do so, summary judgment may be properly granted against him." Otteson v. United States, 622 F.2d 516, 520 (10th Cir.1980). Moreover, the nonmoving party in a summary judgment motion may not rest on its pleadings but must set forth specific facts." See Celotex, 477 U.S. at 324. Much of the deposition testimony plaintiffs cite to us on appeal as evidence of pretext was not cited to the district court in response to Delmed's motion for summary judgment. As a consequence of the manner in which plaintiffs responded to the motion for summary judgment, the district court did not discuss the disparate treatment claim, but held instead that plaintiffs failed to state a prima facie case of disparate impact under the ADEA. Under these circumstances, we hold that plaintiffs may not now raise a disparate treatment claim on appeal.[1]
 
 
 6
 To state a prima facie case of disparate impact, plaintiffs must show a statistical disparity demonstrating that some protected group has been adversely impacted by an employment practice of Delmed. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988) (plurality opinion); see also id. at 1001 (Blackmun, J., concurring in part and in judgment). Plaintiffs have not identified the employment practice at issue, nor have they presented any statistical evidence. Therefore, the district court properly granted summary judgment to Delmed on this issue.[2]
 
 
 7
 All six employees also allege that Delmed breached an implied contract with them to fire only for cause, to rehire according to seniority, and to find other positions in the company for employees removed during a reduction in force. They contend that a reduction in force is not a discharge "for cause." The implied contract, according to plaintiffs, arose from the employment manual, oral statements made by the employer during negotiations, and the practices of the company in regard to transferring workers.
 
 
 8
 Utah state law recognizes that an implied contract may alter the presumption of at-will employment. See Berube v. Fashion Centre, Ltd., 771 P.2d 1033 (Utah 1989). Evidence of an intent to terminate only for cause may be derived from employment manuals and oral statements. See id. at 1044. However, "[a]n implied-in-fact promise cannot, of course, contradict a written contract term." Id. The district court held that the language in plaintiffs' employment agreements expressly created at-will employment. We agree. The employment agreements state that "DELMED hereby employs the EMPLOYEE to serve it in such capacity as Delmed's needs may from time to time require...." Appellants' App. at 183. In light of this express language creating at-will employment, an implied agreement to fire only for cause arising out of alleged oral promises made prior to the express agreement cannot stand.
 
 
 9
 We recognize that an express contract may be modified by a subsequent implied contract. Johnson v. Morton Thiokol, Inc., 818 P.2d 997, 1004 n. 29 (Utah 1991). In the instant case, however, there is no evidence to support a modification. First, the oral statements were made prior to the express agreements. Second, the employment manual applies its seniority provisions to non-exempt employees only and plaintiffs were exempt employees. Finally, plaintiffs cite to no evidence in the record of a company practice of placing discharged exempt employees in different positions within the company or of otherwise finding alternatives to reductions in force of such employees. We therefore affirm the district court's dismissal of plaintiffs' breach of implied contract claims.
 
 
 10
 Finally, we must also affirm the district court's dismissal of Mr. Turner's claim for negligent infliction of emotional distress. Mr. Turner was on disability leave due to a heart condition. One month after open heart surgery, Mr. Turner was on his way to the doctor's office when he was called into the company's office and told that his position would be eliminated at the end of his disability leave. One week later, Mr. Turner's heart condition worsened. Mr. Turner alleges that the deterioration of his health was caused by the discharge.
 
 
 11
 The district court held Mr. Turner's claim to be barred by the Utah Worker's Compensation Act. The statute reads in pertinent part: "The right to recover compensation ... shall be the exclusive remedy against the employer ... on account of any accident or injury or death, in any way ... aggravated or incurred by such employee in the course of or because of or arising out of his employment...." Utah Code Ann. § 35-1-60 (1988). See Mounteer v. Utah Power & Light Co., 823 P.2d 1055, 1059 (Utah 1991) (negligent infliction of emotional distress comes within purview of Workers' Compensation Act). When the alleged injury occurred, Mr. Turner was still in the employ of Delmed. Notification of termination is clearly an activity in the course of employment. Therefore, Mr. Turner's claim is barred.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Richard D. Rogers, United States District Judge, District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs also appeal the district court's disposition of their failure-to-rehire allegation. The district court treated this allegation as a separate claim and found that it had not been raised with the EEOC and was therefore barred. The plaintiffs now argue that they were not asserting a separate failure-to-rehire claim but instead that the failure to rehire is evidence of disparate treatment. This argument was not presented to the district court, and we consequently do not consider it
 
 
 [2]
 Because plaintiffs have failed to state a disparate impact claim, we need not reach their contention that Congress in section 105 of the 1991 Civil Rights Act, Pub.L. No. 102-166, 105 Stat. 1071 (1991), 42 U.S.C. § 2000e(2)(K), retroactively reinstated the procedures for proving disparate impact claims that governed before the Supreme Court's decision in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989)