Lynda V. THOMAS, Plaintiff,

v.

NATIONAL SEMICONDUCTOR, INC.,
a New York corporation, et al.,
Defendant.

No. 92–C–0928–S.

United States District Court,
D. Utah, C.D.

April 22, 1993.

Douglas J. Parry, Parry, Murray & Cannon, Salt Lake City, UT, for plaintiff.

James M. Elegante, John B. Wilson, Parsons, Behle & Latimer, Salt Lake City, UT, for defendant.

## MEMORANDUM DECISION

SAM, District Judge.

This case is before the court on two related matters. Defendant National Semiconductor Corp. ("National") filed a Motion for Leave to File a Memorandum in Response to Plaintiff's Reply Memorandum in Opposition to Defendant's Motion to Dismiss on March 26, 1993. The court has considered the parties' arguments on this issue and finds no reason to allow additional briefing. National's request is therefore denied.

This matter is also before the court on National's motion to dismiss which was heard on March 11, 1993. At the conclusion of the parties' oral argument, the court requested simultaneous, supplemental briefing on the issue of whether plaintiff's contract claims were outside the scope of the exclusive remedy provision of the Utah Workers' Compensation Act (the "Act"), an issue presented for the first time during oral argument. The court, having received and considered the supplemental briefing, is now prepared to issue its ruling on National's motion to dismiss.

In Utah, workers' compensation benefits generally provide the exclusive remedy for physical and emotional injuries occurring in the workplace. The Act provides, in relevant part:

The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent or employee of the employer. And the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise ... on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment. And no action at law may be maintained against an employer or against any officer, agent or employee of the employer based upon any accident, injury or death of an employee.

*Utah Code Ann.* § 35–1–60 (1992). The Utah Occupational Disease Act incorporates the provisions of the above referenced Act and likewise provides that such benefits shall be the exclusive remedy for an injured employee under either act. *See Utah Code Ann.* § 35–2–102(2), (3). Accordingly, the court will hereafter refer only to the Act.

The court notes the exclusive remedy provision of the Act has been modified where injury results from the intentional act of an employer or employee. *See Bryan v. Utah International,* 533 P.2d 892, 894 (Utah 1975) ("We think that [the exclusive remedy provision] is not a prohibition against the maintenance of an action for damages, because of an *intentional act.*") (Emphasis in original). However, due to the arguably imprecise language in *Bryan,* there appears to be some confusion surrounding the definition and application of the term "intentional" in this context. National has urged the court to consider the case of *Lantz v. National Semiconductor Corp.,* 775 P.2d 937 (Utah App. 1989) for clarification.[1]

■ As a preliminary matter, the court finds, as National urged, that "[t]he decision

---

1. National argued to the court that [t]he Court of Appeals [in *Lantz* ] noted that the Supreme Court in *Bryan* had inconsistently referred to "intentional act" and "intentional injury" and recognized the need for greater precision in applying the provisions of the Workers' Compensation Act. *Lantz,* 775 P.2d at 939 n. 4. The Court of Appeals, therefore, to clarify any potential ambiguity, considered the plain meaning of the statute, similar case law in other jurisdictions and Larson's well-known treatise on workers' compensation law. The court held that a *"deliberate intent to injure "* must be shown to maintain a cause of action against an employer based on the employer's conduct or on the conduct of its employees. *Id.* at 940 (emphasis added), 938 n. 1. National's Reply Memorandum in Support of Motion to Dismiss ("National's Reply") at 4.

in *Lantz* does not depart from *Bryan;* it illuminates *Bryan.*" National's Reply at 4. Therefore, the court finds further that the definition of intentional act to be applied in analyzing plaintiff's claims and determining whether they can, even if otherwise preempted by the Act, escape the exclusive remedy provision of the Act, is whether she has proved or alleged a deliberate intent directed to the purpose of inflicting an injury. *Lantz,* 775 P.2d at 940.

Plaintiff argues that the decision of the Utah Supreme Court in *Retherford v. AT & T Communications,* 844 P.2d 949 (Utah 1992) is of utmost importance in addressing the question before the court. *Retherford* propounded "a generic test for determining when a statutory cause of action functions as the exclusive remedy for [a] wrong, thereby foreclosing enforcement of either a preexisting common law remedy or a common law remedy recognized after the enactment of the statute." *Id.* at 962. The Utah court noted it had previously adopted the "indispensable element" test "in determining whether the Utah workers' compensation statute supplants common law causes of action for injuries on the job." *Id.* at 963 citing *Mounteer v. Utah Power & Light Co.,* 823 P.2d 1055, 1058 (Utah 1991). While *Retherford* may not have been before the court during or prior to the hearing on National's motion to dismiss, *Mounteer* was. In any event, the Utah court went on to adopt the indispensable element test as the general "analytical model for determining whether a statutory cause of action forecloses a common law remedy." *Retherford,* 844 P.2d at 963.

■ Under the indispensable element test, "preemption depends on 'the nature of the injury for which [the] plaintiff makes [the] claim, not the nature of the defendant's act which the plaintiff alleges to have been responsible for that injury.'" *Id.* at 964 (citations omitted). In *Mounteer,* a slander case, the court identified the nature of the injury the workers' compensation statute is designed to address as including only physical and mental injuries on the job. It then held plaintiff's slander claim not barred by the exclusive remedy provision, and plaintiff's

claims for intentional and negligent infliction of emotional distress barred because they required proof of mental and/or physical injury as indispensable elements of the claims.

■ With those legal standards in place, the court turns to plaintiff's specific allegations. As stated in her supplemental brief, if proof of physical or mental injury is an indispensable element of any claim for relief, that claim is barred by the exclusivity provision of the Act. "Plaintiff concedes that proof of physical or mental injury is necessary to prevail on her First (Intentional Infliction of Bodily Injury), Fourth (Battery) and Fifth (Intentional Infliction of Emotional Distress) Claims for Relief." Plaintiff's Reply Memorandum in Opposition to Defendants' Motion to Dismiss ("Plts.Supp.Memo") at 2. Finding these allegations also lack sufficient factual support for a claim that National deliberately intended the plaintiff's injuries, the court dismisses these claims as barred by the exclusive remedy provision of the Act and will proceed to address her remaining allegations.

■ Turning to plaintiff's other claims, plaintiff asserts her "Second, Third and Seventh Claims for Relief allege variations of fraud, intentional misrepresentation and withholding of information about the harm of exposure to toxic chemicals as an inducement to plaintiff to enter employment and as breaches of promises made by defendant National Semiconductor, Inc. to the plaintiff as part of the contract of employment. The Sixth Claim alleges breach of fiduciary duty." Plts.Supp.Memo at 2. She further urges, that "[n]one of these claims requires proof of physical or mental injury as an indispensable element of the claim" so they are outside the realm of the exclusive remedy provision of the Act. *Id.* The court disagrees with plaintiff's characterization of her claims.

For purposes of the motion before the court, National has stipulated to the facts as alleged in the complaint. Furthermore, the court must construe those facts in the light most favorable to plaintiff. Nonetheless, plaintiff cannot escape the broad reach of the Act simply by alleging her claims sound in contract. Neither the titles given in her

complaint nor the factual allegations underlying each claim explain how plaintiff now casts them as breach of contract claims. They are tort claims. Plaintiff's position during oral argument that her "contract claims" are not barred by the exclusive remedy provision of the Act requires a broader reading of her complaint than this court can, in good faith, indulge in.

■ In any event, even if the court were to give plaintiff the latitude she requests, plaintiff cannot escape the exclusive remedy provision of the Act simply by terming her remaining claims as sounding in contract. The court finds when the injury alleged is the kind intended to be covered by the Act, a civil action seeking damages for the injury is barred, even though it sounds in contract.[2]

■ Plaintiff's remaining claims, of necessity, allege mental and physical injury. With that inescapable conclusion in mind, the court must now determine whether plaintiff has or can allege a "deliberate intent to injure" on the part of National and in that way fit within the *Bryan* modification. If not, plaintiff's remaining claims are barred by the exclusive remedy provision of the Act. After careful review of plaintiff's factual allegations and claims, the court finds plaintiff has not and could not allege a deliberate intent to injure on the part of National. Nor has plaintiff stated a claim under which National could be liable for the intentional torts of its employees. "A bald allegation that National … committed an intentional tort is not an alleged fact. It is merely an unsupported legal conclusion. Plaintiff is not entitled to any presumption or inference with respect to such conclusions. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)...." National's Reply Memorandum in Support of Motion to Dismiss at 9.

In plaintiff's supplemental brief she attempts to recast her damage claims to include loss of economic value of her employment, loss of employment opportunity and potential punitive damages based on proof of past, similar economic losses to employees of

National in an effort to avoid dismissal. Plaintiff acknowledges the deficiency of her present complaint and requests leave to amend to allege the economic and punitive damages referred to above. However, the court finds the factual basis of the remaining claims, however titled, to require proof of physical and/or mental injury and to lack any showing of deliberate intent. Plaintiff's claims are thus barred by the exclusive remedy provision of the Act.

Accordingly, plaintiff's Second, Third and Sixth claims are dismissed. Plaintiff's Seventh Claim involves allegations against the "Chemical Company Defendants" and does not appear to involve National. Nevertheless, since plaintiff has continued to address it in connection with National's motion to dismiss, to the extent it involves National, it too is dismissed as to National.

So Ordered.

---

**2.** The court found National's arguments and authority on this point persuasive. The citations on pages 2–3 of National's Supplemental Memorandum in Support of Motion to Dismiss are on point and decisive.